[988 NYS2d 62]

In the Matter of Philip H. Teplen (Admitted as Philip Henry Teplen), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, June 24, 2014

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Norma I. Melendez* of counsel), for petitioner.

*Richard E. Grayson* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Philip H. Teplen was admitted to the practice of law in the State of New York by the Second Judicial Department on March 2, 1983, under the name Philip Henry Teplen. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee moves for an order, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.11, accepting respondent's affidavit of resignation from the practice of law and striking his name from the roll of attorneys. Respondent's affidavit of resignation, sworn to on March 27, 2014, states that (1) his resignation is submitted freely, voluntarily and without coercion or duress, and that he is fully aware of the implications of submitting his resignation, including the fact that he cannot apply for reinstatement for seven years from the date his name is stricken from the rolls; and (2) if charges were brought predicated upon the misconduct under investigation, he would not be able to successfully defend himself on the merits against such charges (*see* 22 NYCRR 603.11 [a] [1], [3]). Specifically, respondent acknowledged that he cannot successfully defend himself on the merits against allegations of intentional conversion and misappropriation of client funds belonging to his former client, Gayle K. Dunne, a citizen of Ireland who, at the relevant time, was living in Switzerland. Respondent explains that Ms. Dunne retained him to obtain a U.S. Immigration investment visa. Respondent advised her to wire funds into his escrow account to demonstrate to the immigration authorities that she was in the process of investing in order to assist in obtaining the investor visa. On November 18, 2010, Ms. Dunne wired $500,000 into respondent's escrow account. Respondent began withdrawing those funds, without permission or authority, for his own personal expenditures.

On December 10, 2010, Ms. Dunne requested the return of $170,000 in order to take advantage of a different investment opportunity. By that date, respondent had depleted all of the $500,000 Ms. Dunne had wired into his escrow account.

On December 26, 2010, Ms. Dunne commenced an action against respondent in Supreme Court, New York County. On

April 29, 2011, respondent and his law firm, jointly and severally, entered into an affidavit of confession of judgment in favor of Ms. Dunne in the amount of $500,000, less payments made, plus interest. Respondent avers that he repaid all of the funds he intentionally converted, plus interest and attorneys' fees in the amount of $31,666.66. However, it appears that this claim is disputed.

Ms. Dunne filed a complaint with the Departmental Disciplinary Committee in December 2012 alleging conversion of escrow funds. Respondent answered, and as noted, admitted that he intentionally converted those funds to his personal use, without permission or authority.

Respondent acknowledges that if charges were brought based upon the misconduct under investigation, they would "warrant disbarment" and include: violations of rules 1.15 (a) and 8.4 (c) of the Rules of Professional Conduct (22 NYCRR 1200.0) due to his misappropriation and intentional conversion of $500,000 in escrow funds, respectively; a violation of rule 1.15 (b) (1) by his commingling personal funds with client funds in his escrow account, and using his escrow account as a personal account; a violation of rule 1.15 (b) (2) by failing to, inter alia, identify his escrow account as required; and a violation of rule 8.4 (h) in that the aforementioned misconduct adversely reflects on his fitness as a lawyer.

Respondent's affidavit complies with this Court's rule regarding the resignation of attorneys under these circumstances (22 NYCRR 603.11; *Matter of Riley*, 115 AD3d 112 [1st Dept 2014]; *Matter of Gibson*, 114 AD3d 182 [1st Dept 2014]; *Matter of Telemaque*, 110 AD3d 210 [1st Dept 2013]).

Accordingly, the motion is granted, respondent's resignation accepted and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to March 27, 2014.

SWEENY, J.P., ACOSTA, RENWICK, ANDRIAS and FREEDMAN JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to March 27, 2014.